UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

First National Bank of Omaha,

        Plaintiff,

v.                                                        Civil No. 10-1155 (JNE/FLN)
                                                       ORDER

Anxon, Inc., and Lawrence W. Abdo,

        Defendants.

        First National Bank of Omaha brought this action against Anxon, Inc., and Lawrence Abdo for breach of contract, breach of guaranty, and unjust enrichment after Anxon had failed to repay a loan and Abdo had failed to pay Anxon's indebtedness to the bank. On October 26, 2010, the Court granted First National Bank of Omaha's Motion for Summary Judgment, concluded that Anxon and Abdo are jointly and severally liable to First National Bank of Omaha for $157,752.89 and post-judgment interest, and entered judgment. First National Bank of Omaha now moves for an award of attorney fees. Neither Anxon nor Abdo responded to the motion. For the reasons set forth below, the Court awards First National Bank of Omaha $12,735.63 in attorney fees.

        "The general rule in Minnesota is that 'attorney fees are not recoverable in litigation unless there is a specific contract permitting or a statute authorizing such recovery.'" *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008) (quoting *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn. 1983)). In this case, the underlying loan documents reveal that Anxon and Abdo agreed to pay attorney fees incurred by First National Bank of Omaha in collecting on the note or enforcing the guaranty. For instance, Anxon agreed to pay the bank's attorney fees in a note dated September 1, 2008:

1

> ATTORNEYS' FEES; EXPENSES. Lender [First National Bank of Omaha] may hire or pay someone else to help collect this Note if Borrower [Anxon] does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses . . . .

On September 1, 2008, Abdo executed a guaranty in which he "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the indebtedness of Borrower to Lender." The term "indebtedness" includes "all collection costs and legal expenses." In addition, Abdo agreed to pay First National Bank of Omaha's attorney fees incurred in enforcing the guaranty:

> Attorneys' Fees; Expenses. Guarantor [Abdo] agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement.

Because Anxon and Abdo agreed to pay First National Bank of Omaha's attorney fees, the Court concludes that an award of attorney fees to First National Bank of Omaha is appropriate.

To calculate an award of reasonable attorney fees, a court uses as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Brown v. Aventis Pharm., Inc.*, 341 F.3d 822, 829 (8th Cir. 2003). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). In determining a reasonable hourly rate, a district court may rely on its own knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). "The onus is on the party seeking the

award to provide evidence of the hours worked and the rate claimed." *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

First National Bank of Omaha requests $13,102 in attorney fees. The amount requested comprises 43.7 hours at $260 per hour, 6.25 hours at $250 per hour, 0.5 hour at $175 per hour, and 0.3 hour at $300 per hour. The services performed include preparing and reviewing the pleadings; drafting written discovery; reviewing Anxon's and Abdo's discovery responses; deposing Abdo; and moving for summary judgment. The Court concludes that the hours requested were reasonably expended on the litigation. As to the requested rates, the Court concludes that they are, for the most part, reasonable. Of the 43.7 hours requested at $260 per hour, 5.3 hours are attributed to an individual identified as MJM. The time charged at $175 per hour is attributed to an individual identified as PDS. No information about MJM or PDS appears in the record. Consequently, First National Bank of Omaha has not substantiated their rates. The Court reduces them by 25%. Application of the hourly rates, as modified, to the requested hours yields $12,735.63. No adjustment to this amount is warranted. *Cf. Hensley*, 433 U.S. at 434. Thus, the Court awards First National Bank of Omaha $12,735.63 in attorney fees.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. First National Bank of Omaha's Motion for Award of Attorney Fees [Docket No. 23] is GRANTED.

2. Attorney fees in the amount of $12,735.63 are awarded in favor of First National Bank of Omaha and against Anxon and Abdo.

Dated: December 23, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge